IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **ROBERT LEE ROGERS,** *Plaintiff*, | § § § |
| v. | §   MO:25-CV-00066-DC-RCG § |
| **DAVID G. ROGERS, LETITIA NICOLE HARRELL, and MIDLAND COUNTY SHERIFF'S DEPARTMENT,** *Defendants*. | § § § § § § |

### ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND ORDERING A MORE DEFINITE STATEMENT

BEFORE THE COURT is Jose Cruz Licon Jr.'s ("Plaintiff") Motion to Proceed *in forma pauperis* ("IFP") and his civil Complaint in the above-captioned cause. (Docs. 1, 2). This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the Plaintiff's Motion and the relevant case law, the Court **GRANTS** Plaintiff's Motion to Proceed IFP. (Doc. 6). Additionally, the Court **ORDERS** Plaintiff to submit a more definite statement.

## I.   BACKGROUND & DISCUSSION

### A.   IFP Application

On May 13, 2025, Plaintiff filed his third Motion to Proceed IFP. *Id*. The Court may waive the initial filing fee and costs where a plaintiff submits an IFP affidavit indicating he is unable to pay these fees and costs. *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners). "[T]here is no requirement that an individual 'be absolutely destitute' or spend 'the last dollar they have'

towards the payment of court costs to enjoy the benefit of in forma pauperis status." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). "A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

In Plaintiff's Motion, he states Plaintiff claims he is unemployed and that his monthly income is $0.00. (Doc. 6 at 1). According to his Motion, Plaintiff has $-1.78 in cash or in a bank account and no real estate. *Id* at 2. Although the Court is aware Plaintiff has some non-liquidated assets, such as a truck and a trailer, he also has substantial debt, including nearly $65,000 in child support obligations. *Id*.  Based on this information, the Court finds Plaintiff does not have the means to pay the $405.00 filing fee in this case.

Plaintiff is reminded, however, that pursuant to 28 U.S.C. § 1915(e)(2), his case may be dismissed at any time if the Court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
>     (1) is frivolous or malicious; [or]
>     (2) fails to state a claim on which relief may be granted[.]

Plaintiff is further reminded that judgment may be rendered for costs at the conclusion of the proceedings in this matter. *Id.* at § 1915(f)(1).

### B. Section 1915(e) Analysis

"Pursuant to 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant enjoying immunity from such relief." *Burrow v. Unknown*, No. 5-24-CV-00171, 2024 WL 5364414, at *2 (W.D. Tex. July 22, 2024) (citing 28 U.S.C. § 1915(e)(2)(B)).

A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To determine whether a complaint states a claim for relief under § 1915(e)(2)(B)(ii), courts employ the standard for a Rule 12(b)(6) motion to dismiss. *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A conclusory complaint or one devoid of factual allegations may be dismissed for failure to state a claim. *Twombly*, 550 U.S. at 555.

Here, although very unclear, Plaintiff seems to have filed a Non-Prisoner Complaint for Violation of Civil Rights alleging claims under 42 U.S.C. § 1983. (Doc. 1). Plaintiff is suing David Rogers, a state-court judge; Letitia Harrel; and the Midland County Sheriff's Department. *Id*. Plaintiff seeks restitution and child support because he "picked up" a family violence charge, which seems to have been subsequently dropped. *Id*. at 4. As currently written, Plaintiff's Complaint lacks enough facts to survive. Without additional details, Plaintiff's claims against these Defendants may be dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1); *see also Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). Under the notice pleading requirement for a federal lawsuit, Plaintiff is required to state what acts the named Defendants did to cause him damage and to sufficiently identify the Defendants he alleges violated his constitutional rights. *See* FED. R. CIV.

P. 8(a). If Plaintiff fails to file the ordered statement, his claims against these Defendant may be dismissed for want of prosecution. *See* FED. R. CIV. P. 41(b).

Plaintiff is now **ORDERED** to submit a more definite statement of the facts involved here by **July 18, 2025**. Plaintiff is also ordered not to cite any law or legal conclusions in his response. Plaintiff's response must be limited to the facts only.

### I.   CONCLUSION

Plaintiff's Motion to Proceed IFP is **GRANTED**. (Doc. 6). Further, Plaintiff is **ORDERED** to file a more definite statement by **July 18, 2025**. Plaintiff's response to this Order shall not exceed 10 pages in length, inclusive of any exhibits. The response must clearly and succinctly state the claims being brought against each named Defendant and provide sufficient factual detail to place each Defendant on notice of the nature of the claim. Plaintiff shall then include the following declaration at the end of the response to this Order:

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this ___ day of ___ 2025.

_____
Signature of Plaintiff

If Plaintiff fails to follow these instructions, the Court can dismiss this case for failure to prosecute or comply with a Court order. *See* FED. R. CIV. P. 41(b). If Plaintiff does not wish to file a more definite statement, Plaintiff may request voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).

The Clerk is **DIRECTED** to mail a copy of this Order by regular mail, and certified mail, return receipt requested to:

Robert Lee Rogers
3805 South County Road 1192
Midland, TX 79706

It is so **ORDERED**.

SIGNED this 13th day of June, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE